# In the United States Court of Federal Claims

MARTIN BROTHERS CONSTRUCTION,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 24-1118C
Filed May 14, 2025

Doug P. Hibshman, Washington, DC, for plaintiff.

Sosun Bae, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**ORDER**
**Denying the government's motion for an extension of time to file its answer**

In July 2024, Martin Brothers Construction filed a complaint under the Contract Disputes Act in this court. The government still has not answered the complaint. After granting four extensions of time, totaling 242 days, the court stated that it would not grant further extensions of the answer deadline absent extraordinary circumstances. With Martin Brothers' consent, the government now moves for another 45 days to answer the complaint. The government argues that the recent assignment of its lead counsel in this case—Sosun Bae—to several cases defending the government's recent imposition of tariffs constitutes unforeseen and extraordinary circumstances. Although the court is sympathetic to Ms. Bae's workload and the demands of those cases, the Department of Justice's failure to appropriately staff cases is not an extraordinary circumstance. The executive branch's personnel decisions more broadly also do not create an extraordinary circumstance, particularly where Congress has allocated needed resources.

I.  **Background**

On July 23, 2024, Martin Brothers filed a complaint under the Contract Disputes Act alleging four breach-of-contract claims against the Federal Highway Administration. ECF No. 1. The government's answer was initially due September 23, 2024. With Martin Brothers' consent, the government moved for a 60-day extension of that deadline (ECF No. 5), which the court granted. The parties then jointly moved for two more extensions, totaling 122 days, explaining that they had been engaged in mutually beneficial discussions and hoped to resolve some of the issues out of court. ECF Nos. 6, 8. The court granted the parties' requests. In February 2025, the Department of Justice assigned a new attorney, Ms. Bae, to the case. ECF No. 9. Ms. Bae moved, unopposed, for another 60-day extension to file the government's answer, explaining that she needed "time to familiarize herself with plaintiff's claims, other relevant documents, and the history of the project that is the subject of plaintiff's complaint." ECF No. 10 at 1. Ms. Bae also explained that deadlines in six other cases prevented her from meeting the deadline, but that the parties continued to exchange information and engage in settlement discussions. *Id.* at 1-2. The court granted the government's motion and extended the answer deadline a fourth time, until May 23. But the court stated that it would "not grant further extensions of the deadline for this purpose absent extraordinary circumstances." Text Order (March 13, 2025).

The government now moves, unopposed, for a 45-day extension to file its answer, arguing that "extraordinary circumstances," "[b]eyond the normal press of business and ordinary workload considerations," have arisen since the government's last request. ECF No. 12 at 1. In early April, Ms. Bae explains, "she was assigned to work on a series of cases—filed in multiple district courts and at the Court of International Trade—defending the President's imposition of tariffs pursuant to the International Emergency Economic Powers Act (IEEPA). These cases now total eight in number, and undersigned counsel is principal counsel for the Government in three of those cases

2

before the Court of International Trade. Since early April, counsel has been required to—in addition to her normal workload—expend an extraordinary amount of time contending with matters related to the IEEPA cases, multiple of which have proceeded on an extremely expedited timeline." *Id.* at 1-2 (footnote omitted). The parties continue to exchange information and engage in settlement discussions. *Id.* at 3-4.

## II.     The government has not established extraordinary circumstances

Under this court's rule 6(b)(1), if a request to extend a filing date is made before the deadline, "the court may, for good cause," extend the deadline. The authority to grant or deny an extension falls within the court's discretion. *See Electro Scientific Industries, Inc. v. General Scanning Inc.*, 247 F.3d 1341, 1355 (Fed. Cir. 2001) (evaluating the district court's decision to deny an extension of time under the analogous Fed. R. Civ. P. 6(b)). Normally, the court will grant an extension of time absent bad faith by the moving party or prejudice to the adverse party. *Brooks v. United States*, No. 15-843L, 2018 WL 564395, at *3 (Fed. Cl. Jan. 26, 2018).

But "[w]hen the court states 'no further extensions,' it means it. These words are not lightly or routinely added to orders." *Joslyn v. United States*, 388 F. App'x 985, 985 (Fed. Cir. 2010). To establish extraordinary circumstances, the movant must show that an "extreme and unexpected hardship" occurred, that those circumstances were beyond the movant's control, that they directly prevented the movant from meeting the deadline, and that the movant exercised due diligence to preserve its legal rights. *See Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (analyzing the "extraordinary circumstances" standard under Fed. R. Civ. P. 60(b)(6)); *Nelson v. Nicholson*, 489 F.3d 1380, 1382 (Fed. Cir. 2007) (analyzing the "extraordinary circumstances" standard for equitable tolling). The court will rarely find that "extraordinary circumstances" exist when the circumstances "resulted from the party's deliberate choices." *See Budget Blinds, Inc.*, 536 F.3d at 255, 258. The bar to establish "extraordinary circumstances" is significantly higher than "good

cause." *See generally Valle v. Secretary of Health & Human Services*, 127 Fed. Cl. 515, 520 (2016); *Roseberry v. Collins*, 133 F.4th 1047, 1049 (Fed. Cir. 2025).

The government has not established extraordinary circumstances to warrant a further extension of time to file its answer. "In defending suits brought against it in this court, the government, like any other litigant, may assure the presence of adequate staff and counsel sufficient to meet the party's needs for representation in litigation or it must be prepared to accept the imposition of any penalties or sanctions, or the entry of any adverse judgments, which may result from the shortfall in its resources in this regard." *Louisiana-Pacific Corp. v. United States*, 2 Cl. Ct. 743, 749 (1983). Ms. Bae's extensive workload "may reflect government allocation of staff and resources inadequate to meet its overall litigation needs," but "it is not clear that the United States … could not have assigned the [other time-sensitive cases] to other, less burdened, counsel." *Id.*; *see also Madden v. Texas*, 498 U.S. 1301, 1304 (1991). Similarly, the Supreme Court has explained that a lawyer's overextended caseload resulting from government "budgetary cuts" did not constitute "good cause" for an extension because it was not "the result of events unforeseen and uncontrollable by both counsel and client." *Mississippi v. Turner*, 498 U.S. 1306, 1306 (1991).

The government relies on *Electronic Frontier Foundation v. Department of Justice* for the proposition that the significant understaffing of an agency and a hiring freeze preventing the open spots from being filled rose to the level of "exceptional circumstances." 517 F. Supp. 2d 111, 115-16, 118-119 (D.D.C. 2007); *see* ECF No. 12 at 1. But there, the court explained that the increased volume of demands on the agency was "'vastly in excess of that anticipated by Congress,' and that [the agency's] 'existing resources are inadequate to deal with the volume of such requests within the time limits.'" *Id.* at 119 (quoting *Open America v. Watergate Special Prosecution Force*, 547

F.2d 605, 616 (D.C. Cir. 1976)). The court distinguished "personnel and project management difficulties" arising from "a large backlog of FOIA requests, court orders requiring maximum manpower on an emergency basis, and unspecified 'personnel issues.'" *Id.* at 119 (distinguishing *Leadership Conference on Civil Rights v. Gonzales*, 404 F. Supp. 2d 246 (D.D.C. 2005)). Unlike circumstances where Congress had not appropriated enough funds to the agency, personnel difficulties alone were not enough.

The government here has not established that the increase in Ms. Bae's workload and the time-sensitive demands of other litigation are the result of anything more than the Department of Justice's failure to respond to a predictable increase in case volume and a decision to reduce or not replace departing staff. *Cf. Electronic Frontier Foundation*, 517 F. Supp. 2d at 118 (reiterating that a "high volume" of new cases and "the fact that the [agency] faces obligations in other litigations" are not, alone, "sufficient to establish exceptional circumstances"). As the D.C. district court explained, a court will not "get involved in [the government's] personnel and project management difficulties." *Leadership Conference on Civil Rights*, 404 F. Supp. 2d at 259.

This suit was filed almost a year ago, and the government has not yet answered the complaint. Although Martin Brothers does not oppose another 45-day extension for the government to answer, the court is obligated to move its cases forward. *Design and Production, Inc. v. United States*, 21 Cl. Ct. 145, 147 (1990) ("[T]he court's function is to adjudicate the issues submitted to it by the parties, by moving the case along to a just and speedy resolution."). The Department of Justice is understaffed, as are many other executive branch agencies. While agency counsel can help, it may be that the Federal Highway Administration is also understaffed. But the executive branch cannot blame a lack of congressional appropriations or anyone else. While the court is sympathetic to the sudden increase and time-sensitive demands of Ms. Bae's caseload, and to Ms.

Bae's workload overall, the Department of Justice's failure to adequately staff its cases does not justify further extending the government's answer deadline.

### III. Conclusion

For the reasons stated above, the court **denies** the government's motion for an extension of time to file its answer. The government **shall file** its answer by May 23, 2025.

**IT IS SO ORDERED.**

/s/ Molly R. Silfen
MOLLY R. SILFEN
Judge
